UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                        Case No. 8:12-cr-64-T-24 TGW

GEORGE ARTHUR FARMER
_____/

**ORDER**

This cause comes before the Court on Defendant George Farmer's Motion for New Trial. (Doc. No. 73). The Government opposes the motion. (Doc. No. 74). As explained below, the motion is denied.

On August 7, 2012, a jury convicted Defendant of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 70). In the instant motion, Defendant argues that he is entitled to a new trial because the verdict was against the weight of the evidence. Upon consideration, the motion is denied.

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." In analyzing Defendant's motion:

> [T]he court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

U.S. v. Hernandez, 433 F.3d 1328, 1335 (11th Cir. 2005)(internal quotation marks and citations omitted).

Upon review, the Court concludes that the jury's verdict was supported by the evidence. Therefore, the interests of justice do not require a new trial. Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 14th day of September, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record