UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                  Case No.: 8:12-cr-64-T-SCB-TGW

GEORGE ARTHUR FARMER

_____/

**O R D E R**

Defendant George Arthur Farmer filed a *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 117). For the reasons stated below, the Motion is denied without need for a response from the Government.

**I. BACKGROUND**

On August 7, 2012, Defendant was convicted after a jury trial of possession with intent to distribute five grams or more of methamphetamine actual and fifty grams of methamphetamine. (Doc. 70). On November 7, 2012, the Court sentenced Defendant, as a career offender, to 300 months of imprisonment. (Doc. 79). Defendant currently is incarcerated at FCI Coleman Medium, and his projected release date is May 21, 2033. He is 55 years old.

## II.  LEGAL FRAMEWORK

A court generally may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  18 U.S.C. § 3582(c).  Section 603(b) of the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow courts to modify sentences not only upon motion of the Director of the BOP, but also "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)).  Once that showing is made, a court may reduce a defendant's sentence if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent they are applicable, it finds that:

> (i)  extraordinary and compelling reasons warrant such a reduction; or
>
> (ii)  the defendant is at least 70 years of age, . . .;[1]
>
> and that such a reduction is consistent with applicable policy statements issued  by the Sentencing Commission[.]

---

[1] This section is inapplicable because Defendant is 55 years old.

18 U.S.C. § 3582(c)(1)(A). The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III. FINDINGS

### A. Exhaustion or Lapse

Defendant fails to demonstrate that he has met the lapse or exhaustion requirement. While he alleges that he submitted a request for compassionate release to the warden at FCI Coleman Medium on January 13, 2021, and that more than 30 days have now lapsed since the request was received, he fails to submit supporting documentation.

### B. Extraordinary and Compelling Circumstances

Defendant must also demonstrate that his early release is warranted due to extraordinary and compelling circumstances. Section § 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for

sentence reduction." *Id.* In its existing policy statement on compassionate release, the Sentencing Commission states that, provided the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g),[2] extraordinary and compelling reasons exist under any of the following circumstances:

    (A) Medical Condition of the Defendant.

        (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory).
        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,

---

[2] Courts consider the following when making this determination:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

>> (II) suffering from a serious functional or cognitive impairment, or
>
>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant
>
>> (i) is at least 65 years old;
>
>> (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and
>
>> (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D).[3]

---

[3] In addition to an extraordinary and compelling circumstance, the policy statement also provides that a court may reduce a term of imprisonment if the defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned. U.S.S.G. §

Defendant alleges that the following constitute extraordinary and compelling circumstances warranting compassionate release:

He suffers from diabetes, high blood pressure and high cholesterol, all of which make him highly vulnerable to contracting COVID-19 and having a severe reaction. (*See* Doc. 117, pp. 6, 8). He fails, however, to provide any medical documentation confirming his asserted health conditions or demonstrating that he is not receiving proper medical attention from his correctional facility. As such, none of Defendant's asserted medical conditions constitutes an extraordinary and compelling reason warranting his compassionate release. Furthermore, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); *see also, United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("in this Court's view, the mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary and compelling reason for a sentence reduction under that statutory scheme."). The Court will note that the BOP coronavirus web page currently shows no confirmed

---

1B1.13(1)(B). This provision is not applicable because Defendant is not at least 70 years old and has not served at least 30 years in prison.

cases of COVID-19 among the inmates FCI Coleman Medium. *See* https://www.bop.gov/coronavirus/ (last accessed on April 7, 2021).

Defendant further claims that he is rehabilitated as a basis for his compassionate release. However, rehabilitation of a defendant alone shall not be considered an extraordinary and compelling reason justifying a reduction in sentence under § 3582(c)(1)(A)(i). 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 comment (n.3).

Finally, Defendant challenges the sentence of imprisonment that was imposed on him by this Court on November 7, 2012, arguing that if he were sentenced today, he would receive a lesser sentence. However, this Court declines to find that the post-sentencing developments in case law constitute an extraordinary and compelling reason warranting compassionate release or a reduction in his sentence at this time. *See, e.g., United States v. Saldana*, 807 F. App'x 816, 820 (10th Cir. 2020) (rejecting argument that "extraordinary and compelling reasons" include claims related to post-sentencing developments in case law); *United States v. Rogers*, No. 5:12-cr-29-Oc-28PRL, 2020 WL 4597063, at *3 (M.D. Fla. Aug. 11, 2020) ("The basis for compassionate release is based on individual circumstances and not a medium for mass reductions of statutory penalties."); *United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D. N.Y. Feb. 24, 2020) (concluding that "it would be both improper and inconsistent with the First

7

Step Act to allow [defendant] to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition.") (citation omitted). Therefore, Defendant fails to identify any extraordinary and compelling reasons to grant him relief under 18 U.S.C. § 3582(c)(1)(A) .

## 18 U.S.C. § 3553(a) Sentencing Factors

The Court has considered the 18 U.S.C. § 3553(a) sentencing factors in determining Defendant's request for a reduction in sentence and finds those factors also weigh against granting the motion. Defendant was convicted of a serious drug offense—possession with intent to distribute five grams or more of methamphetamine actual and fifty grams of methamphetamine. Given the nature and circumstances of Defendant's offense of conviction in this case, as well as his extensive criminal history—to include, multiple fleeing and eluding and multiple drug charges—he poses a danger to the community if released.

## IV.  CONCLUSION

After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, specifically that Defendant is 55 years old, has not stated an extraordinary and compelling reason for his release, and poses a danger to the community, it is

**ORDERED AND ADJUDGED** that:

Defendant George Arthur Farmer's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 117) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this April 7, 2020.

_____
SUSAN C. BUCKLEW
United States District Judge

*Copies to:*
George Arthur Farmer